UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:15-CR-00026-KKC-EBA-2
CIVIL ACTION NO. 5:17-CV-00451-KKC-EBA

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                           **RECOMMENDED DISPOSITION**

WILLIAM LYKINS,                                                        DEFENDANT.

## I. INTRODUCTION

*Pro se* Defendant William Lykins ("Lykins") pleaded guilty and was convicted of possession with intent to distribute oxycodone ("Count 3"), under 21 U.S.C. § 841, and of possession of a firearm in furtherance of a drug trafficking crime ("Count 4"), under 18 U.S.C. § 924. [R. 128; R. 143; R. 146]. For Count 3, Lykins was sentenced to six (6) months of imprisonment to be served consecutively to the sixty (60) month term for Count 4. [R. 143]. Lykins did not appeal the conviction, but challenges the imposition of his sentence in this *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 138]. Lykins makes two arguments. First, Lykins alleges that his constitutional rights under the Fifth and Sixth Amendments were violated because he was not properly advised of his *Miranda* rights. [R. 138-1 at 2-3]. Second, Lykins argues that his counsel was ineffective for failing to challenge these alleged constitutional violations [*Id.* at 6]. The United States, however, refutes all of Lykins' arguments.

First, the United States notes that Lykins' claims are "unsupported by factual evidence," and "amount to nothing more than general allegations." [R. 154 at 6 (citing *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973)]. In support of its argument, the

United States points to the record as clear evidence of contradicting Lykins' position that he was not advised of his *Miranda* warnings or that he waived those rights. [*Id*. at 7]. Second, the United States contends that Lykins' counsel was not deficient in failing to file the motion to suppress because the motion was filed, and then withdrawn because "(1) [his attorney] did not feel it was meritorious and (2) it was important for any downward departure that Lykins' credibility not be questioned." [*Id*. at 6-7]. In spite of this, the United States argues that "it is not necessary for [this] Court to find counsel's performance deficient because there is absolutely no prejudice. It is not necessary to consider all prongs of the *Strickland* test if it fails under one of the prongs." [*Id*. at 8 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984))].

The matter is ripe for a decision following the submission of the United States' Response to Lykins' § 2255 Motion [R. 154], and Lykins' Reply [R. 156]. For the reasons set forth below, the undersigned **RECOMMENDS** that Lykins' Motion to Vacate, [R. 138], be **DENIED**.

## II.  STANDARD OF REVIEW

It is incumbent upon a federal prisoner seeking relief under 28 U.S.C. § 2255 to show that his conviction was the product of a fundamental defect in the proceedings, which necessarily resulted in a complete miscarriage of justice or an egregious error violative of due process. *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994). Pursuant to § 2255, a petitioner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

In order to prevail on his motion, the petitioner must demonstrate the existence of an error of constitutional magnitude, which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). If the movant alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht,* 507 U.S. at 637–38); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Alternately, if alleging a non-constitutional error, the defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

### III.  ANALYSIS

In the present case, Lykins brings two claims under § 2255. First, Lykins alleges that his constitutional rights were violated because the police failed to advise him of his *Miranda* rights before speaking to him and conducting the search of his vehicle. Second, Lykins argues that he received ineffective assistance for his counsel's failure to challenge any of Lykins' statements made in violation of Miranda, or any of the evidence obtained from the search of his vehicle. Ultimately, however, review of these claims establish why Lykins' § 2255 motion is due to be denied under general § 2255 principles.

### A.  Procedural Default of Lykins' First Claim

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is

3

barred from presenting that claim in a § 2255 proceeding, unless the petitioner shows either: 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 621–22 (1998); *United States v. Frady,* 456 U.S. 152, 167–68 (1982). Thus, if the prisoner is unable to meet the first exception, he may still be able to obtain review of his claims under the second exception; however, review under this exception may only be met if the prisoner can demonstrate that his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *accord Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For example, this burden would be met by a showing of new evidence that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Id.*

This rule generally applies to all claims, including constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354, (1994) ("Where the petitioner— whether a state or federal prisoner — failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." (internal quotation marks, punctuation, and citations omitted)); *see also Wainwright v. Sykes*, 433 U.S. 72, 84, 97 (1977) (applying cause and prejudice standard to constitutional claims).

Here, Lykins admits that he did not appeal his conviction, and that this claim is procedurally barred. [R. 138 at 4 ¶12(b)(2)]. For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must make a showing under either of the two exceptions, noted above. Lykins has done neither. Instead, his claims amount to nothing more than general allegations unsupported by any factual evidence. Thus, Lykins has not

shown cause that he was actually prejudiced, nor that Lykins is actually innocent. Therefore, we focus on Lykins' second claim: whether Lykins has met his burden to prove that he received ineffective assistance of counsel during the plea bargaining stage.

### B. Lykins' Second Claim of Ineffective Assistance of Counsel

An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not Lykins could have raised the claim on direct appeal. Thus, it is not subject to the procedural default rule. In evaluating claims of ineffective assistance, the Sixth Circuit applies the *Strickland* two-prong test. *Towns v. Smith,* 395 F.3d 251, 258 (6th Cir. 2005); *see also Strickland*, 466 U.S. at 687.

Under *Strickland*, a defendant first must show his or her counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, a defendant must show the deficient performance actually prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Both elements must be shown. Therefore, not only must the attorney's performance have been deficient, but that specific deficiency must also have been the antecedent without which the Defendant's sentence would not have been imposed. *Id.* However, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance-prejudice] inquiry 'if the defendant makes an insufficient showing on one.' " *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

It is true that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Nonetheless, an attorney

5

representing a criminal defendant does have some specific, articulable duties. All attorneys owe their clients a duty of loyalty; a duty to avoid conflicts; a duty to advocate, inform, and consult; and counsel has a duty "to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States,* 258 F.3d 453, 457 (6th Cir. 2001); *see also Miller v. Francis*, 269 F.3d 609, 615-16 (6th Cir. 2001). For example, "[T]rial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 Fed.Appx. 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)). Likewise, absent proof that a suppression motion would have been successful, the petitioner may not be entitled to relief. *Howard v. Bouchard*, 405 F.3d 459, 480 85 (6th Cir. 2005) (holding counsel's performance to fall below prevailing professional norms when he failed to file a motion to suppress).

Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While counsel's tactical decisions are not completely immune from Sixth Amendment Review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose,* 744 F.2d 1245, 1249 (6th Cir. 1984). In evaluating an attorney's duties to his or her client and the sufficiency of an attorney's performance of them, however, courts are highly deferential. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quotation and citation omitted). "An error by counsel, even if

6

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland,* 466 U.S. at 691.

1. *Miranda Warnings*

Upon being arrested, Lykins argues that was never advised of his Miranda warnings and that his counsel's failure to make this challenge constituted ineffective assistance. The Government disputes this claim, by arguing that "[t]here is nothing in the record to suggest that Lykins' was not advised of Miranda warnings or that he waived those rights." [R. 154 at 7 ¶ 2]. It further contends that this allegation is "void of any specifics regarding what, if any, statements were made in violation of Miranda." [Id. at 6 ¶ 2].

Though Lykins faults his counsel's failure to challenge the statements he alleges he made in violation of Miranda, Lykins has not explained *what* statements he made, *when* he made those statements, and has not offered *any facts* surrounding the officer's questioning. Contrary to what Lykins argues, the Presentence Report reflects that Lykins cooperated with law enforcement, and was advised of his Miranda rights before his vehicle was searched. In relevant part, the Presentence Report describes the following:

> The red pickup truck then proceeded northbound along Interstate 75, where a member of the LPD executed a traffic stop on the vehicle. Shortly thereafter, the LPD detective involved in the investigation notified the DEA special agent that Lykins had agreed to cooperate with the investigation. The detective further stated that two handguns were seized from Lykins. Upon arrival of the special agent, Lykins was *advised* of his Miranda rights. Lykins *indicated his understanding verbally and in writing* and provided consent to search the vehicle. A subsequent search resulted in the seizure of 300 oxycodone 30 milligram pills, 208 oxycodone 15 milligram pills, and 50 generic Xanax one milligram pills.

[Lykins PSR at 7 ¶ 23 (emphasis added)].

7

Lykins has not offered any grounds attacking the veracity of the facts outlined in this report. The only argument that has been raised, challenging the facts outlined above, is that a review of the police officer's dashcam video would substantiate this claim. [R. 138 at 2-6]. However, Lykins has not provided any concrete, factual evidence. *See Pettigrew*, 480 F.2d at 684 (denying appellant's § 2255 petition on the basis that his allegations to a pre-sentence report were insufficient, stating "only bald legal conclusions with no supporting factual allegations") (citing *Sanders v. United States*, 373 U.S. 1, 19 (1963)). Absent any other evidence, the record reflects that Lykins was advised of his Miranda rights, and thus, he is not entitled to § 2255 relief on this claim.

2. *Motion to Suppress*

Finally, Lykins argues that his counsel was ineffective for withdrawing the Motion to Suppress filed on March 22, 2016, to suppress "all evidence seized as a result of the unreasonable search of the interior of the defendant's vehicle and improper Miranda warning" [R. 72]. On March 29, 2016, Lykins' counsel filed a Notice of Withdrawal [R. 75], informing the Court of his intention to withdraw the previously filed suppression motion [R. 72]. As grounds for withdrawing the motion, Lykins' counsel offered the following:

> [I] prepared and intended to file a motion to suppress. However, when [I] informed the Government of [Lykins'] intentions, the Government indicated the following: that what [Lykins] was claiming (as grounds for the prepared suppression motion) was untrue; that if counsel filed the suppression motion, no motion pursuant to § 5K1.1 of the United States Sentencing Guidelines would be filed by the Government; and consequently, that [Lykins] would essentially forfeit his opportunity to a downward departure as prescribed by the United States Sentencing Guidelines and as afforded pursuant to a § 5K1.1 motion.
> …
> Client received a substantial reduction on Count 4 of the pertinent indictment; such substantial reduction would not have been available had Counsel filed the suppression motion.

8

[R. 157-3]. Counsel allegedly spoke to Lykins regarding the Government's intentions, and forewarned Lykins that the suppression motion would likely not prevail, based on his "three decades' [worth of] experience." [*Id.*].

Similar to the Miranda claim, Lykins has not offered any supporting factual allegations relating to the motion to suppress. He makes no arguments relating to the scope of the search, his lack of consent, nor does he offer any facts relating to the allegedly improper search. Additionally, even if counsel was deficient for failing to pursue the motion to suppress, Lykins has failed to demonstrate that his attorney was deficient pursuant to the *Strickland* test since Lykins received a substantial reduction in his sentence. Thus, there is simply no evidence that he suffered any prejudice.

In summary, Lykins is not entitled to relief on any of his claims of alleged ineffective assistance of counsel, as he has failed to present *any* facts which establish his conviction or sentence is subject to collateral attack under 28 U.S.C. § 2255.

## **CONCLUSION**

In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "A defendant challenging his attorney's conduct during plea bargaining… 'must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty.' " *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (quoting *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)). In this case, Lykins does not argue that he would

have chosen to go to trial and would not have pleaded guilty. Instead, Lykins argues that his sentence should be vacated because counsel's ineffectiveness resulted in an improper prison sentence. [*See* R. 138-1 at 6-7; R. 156 at 2-3]. Although it is the duty of this Court to review Lykins' pro se Motion to Vacate, according to "less stringent standards than formal pleadings drafted by lawyers," there is no question that Lykins has failed to state a basis on which his Motion to Vacate should be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Strickland*, 466 U.S. at 668. Accordingly,

1) **IT IS ORDERED** that William Lykins' Presentence Report be **FILED INTO THE RECORD UNDER SEAL**.

2) **IT IS FURTHER ORDERED** that the United States' Motion for Leave to File Supplemental Response, **R. 157**, be **GRANTED.**

3) **IT IS RECOMMENDED** that Lykins' Motion to Vacate, **[R. 138]**, be **DENIED**, and that this action be dismissed with prejudice and stricken from the court's active docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

This the 21st day of December, 2018.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge